UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Operating Engineers Local #49 Health
and Welfare Fund, Central Pension Fund
of the International Union of Operating Engineers
and Participating Employers, Local #49
International Union of Operating Engineers and
Associated General Contractors of Minnesota
Apprenticeship and Training Program and their
Trustees,

    Plaintiffs,

v.

Mesabi Bituminous, Inc.

    Defendant.

Civil No. 10-03955 (JNE/JSM)

**REPORT AND RECOMMENDATION**

This matter came before the Court on January 3, 2011 on plaintiffs' Motion for Entry of Judgment [Docket No. 8]. Michael P. Eldridge, Esq. appeared on plaintiffs' behalf. There was no appearance by or on behalf of the defendant.

This matter was referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. Based on plaintiffs' Motion for Entry of Judgment, Memorandum in Support of Motion for Entry of Judgment [Docket No. 10], the Affidavit of Melissa Urban-Brown in Support of Motion for Entry of Judgment [Docket No. 11], the Affidavit of Michael P. Eldridge in Support of Motion for Entry of Judgment [Docket No. 12] and upon all the records, files and proceedings herein, the Court makes the following:

## **FINDINGS OF FACT**

1. Plaintiffs moved this Court pursuant to Fed. R. Civ. P. 55(b) for entry of a money judgment against defendant Mesabi Bituminous, Inc. ("MBI"). See Plaintiffs' Memorandum of Law In Support of Motion for Entry of Judgment ("Pl. Mem."), p. 5 [Docket No. 10]. Plaintiffs' Complaint alleged that MBI breached the terms of a collective bargaining agreement to which it was bound by failing to timely contribute to fringe benefit plans for which plaintiffs are the trustees and fiduciaries. Complaint, ¶¶1, 2, 4. [Docket No. 1]. MBI eventually made partial payment, but plaintiffs alleged that they were owed $50,634.62 for delinquent contributions, liquidated damages, and attorneys' fees and costs and moved this Court for entry of judgment on that amount. Pl. Mem., p. 4 (citing Urban-Brown Aff., ¶¶ 10, 12; Eldridge Aff., ¶ 5).[1]

2. In their motion, plaintiffs represented that the Summons and Complaint were personally served on MBI's counsel. Pl. Mem., p. 4 (citing Docket No. 3 (sic)[2] (Certificate of Service upon "Mitchell Brunfelt, Plaintiff's (sic) Attorney"). At the motion hearing, plaintiffs' counsel, Michael Eldridge, indicated that the Complaint and current motion were served on MBI's outside counsel, Mitchell Brunfelt, and that these pleadings had not been served on MBI.[3] MBI did not interpose an answer to the Complaint or a response to the motion. Eldridge indicated that there was direct

---

[1] At the hearing, counsel for plaintiffs, Michael Eldridge, stated that BMI had made all outstanding delinquent payments, but that plaintiffs were still seeking an award of liquidated damages, attorneys' fees and costs.

[2] Docket No. 3 is the Application for Entry of Default. The Court believes that plaintiffs meant to cite to Docket No. 2 which is the executed returned Summons.

[3] A review of the docket also indicates that the Application of Entry of Default was served on Brunfelt, and not BMI. See Docket No. 5.

communication between his firm and Brunfelt about the lawsuit. Consequently, Eldridge understood that Brunfelt knew of and did not oppose the suit or motion. However, Brunfelt did not file a notice of appearance on BMI's behalf.

## **CONCLUSIONS OF LAW**

On this record, the plaintiff's motion cannot be granted. Rule 55 provides that default judgment may be obtained "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Here, the Court cannot conclude that MBI had notice of the lawsuit or the motion. There is nothing in the record to indicate that Brunfelt was authorized to accept service of the Summons and Complaint on MBI's behalf pursuant to Fed. R. Civ. P. 4 or that proper service of the Summons and Complaint was otherwise effected. Nor was there any documentary evidence to support a conclusion by this Court that MBI had been served, much less knew of plaintiffs' motion.

## **RECOMMENDATION**

1.    Plaintiffs' Motion for Entry of Judgment [Docket No. 8] be **DENIED** without prejudice.

2.    Plaintiffs may renew their motion after Brunfelt or other legal counsel for MBI enters a notice of appearance and files a pleading signifying MBI's acknowledgment of service of the Complaint, decision not to answer the Complaint, and lack of opposition to the entry of judgment. Alternatively, pursuant to Fed. R. Civ. P. 4(m), plaintiffs shall serve their Complaint within sixty (60) days of this Order, and if MBI does not interpose an answer within the time allowed, apply for and obtain an Entry of

Default Judgment from the Clerk of Court and then renew their motion for entry of judgment.

January 4, 2011                                         *Janie S. Mayeron*
                                                        JANIE S. MAYERON
                                                        United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **January 18, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.  Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **January 18, 2011.**